ry construction that identical phrases in a statute, particularly when they occur in close proximity, are ordinarily to be given identical meanings. *See, e.g., Ratzlaf v. United States,* 510 U.S. 135, 143, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994); *United States v. Dinwiddie,* 76 F.3d 913, 926 (8th Cir. 1996), *cert. denied,* 519 U.S. 1043, 117 S.Ct. 613, 136 L.Ed.2d 538 (1996). The court does not refer to this principle or explain why it is not applicable in the present case.

The court relies on *United States v. Scolaro,* 299 F.3d 956 (8th Cir.2002), to support its conclusion, but I suggest that the case is inapposite because it involved the question of what the phrase "another felony offense" means. There is no hint in that case that the court thought that the other felony could be one which was unconnected to the firearms described in the indictment, and there could not have been such a hint, because it was conceded by all that those very firearms were in fact involved in the events that the court determined constituted "another felony offense." *See id.* at 957–58. I can likewise glean no relevant guidance from the holding in *United States v. Sutton,* 302 F.3d 1226 (11th Cir.2002) (per curiam), a case from another circuit, which the court reads backwards to provide a makeweight for its result.

The court also opines that the defendant's proposed reading leads to absurd results, apparently because he might escape an increase in his offense level by ridding himself of a particular firearm. He might indeed do that, but I see nothing absurd in the fact that he would thereby escape punishment. An offender will frequently evade prosecution or escape conviction for a crime involving possession by ridding himself or herself of the relevant object: The government's case will simply fail for lack of proof.

In sum, it seems to me more than arguable that the plain meaning of § 2K2.1(b)(5) renders it inapplicable to Mr. Mann's case. At the very least, I believe that his proposed construction is more reasonable than the government's. Even if it were not, it is familiar law in this circuit that "[w]here there are two plausible readings of a guideline provision, we apply the rule of lenity and give the defendant the benefit of the reading that results in the shorter sentence." *United States v. Oetken,* 241 F.3d 1057, 1060 (8th Cir.2001); *see also United States v. Hutton,* 252 F.3d 1013, 1017 (8th Cir.2001); *United States v. Pharis,* 176 F.3d 434, 436 (8th Cir.1999). The court omits to mention these cases and does not explain why they do not govern the instant situation. Since I cannot see how the meaning that Mr. Mann wants us to attribute to the relevant guideline can possibly be characterized as implausible, I respectfully dissent from the court's judgment.

**S.M.,\* Plaintiff–Appellee–
Cross–Appellant,**

v.

**J.K., Defendant–Appellant–
Cross–Appellee.**

**Nos. 99–16184, 99–16960.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Filed Aug. 27, 2001.

Amended Jan. 14, 2003.

Gary M. Levitt, David C. Schutter & Associates, Honolulu, HI, for plaintiff-appellee-cross-appellant.

---

\* All records in this matter have been sealed to protect the identity of the plaintiff in accor-

dance with the policy expressed by Fed. R.

Richard E. Wilson, Simons & Ichinose, Honolulu, HI, for the plaintiff-appellee-cross-appellant.

˙ Arthur B. Reinwald, Dennis E.W. O'Connor, Michael J. McGuigan, and Jason M. Tani, Reinwald, O'Connor & Marrack, Honolulu, HI, for the defendant-appellant-cross-appellee.

Before: B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

Prior report: 262 F.3d 914

### ORDER

The Court *sua sponte* recalls the mandate issued on October 23, 2001.

The opinion filed August 27, 2001, is hereby amended by deleting the following sentence from footnote 7: "We decline to adopt the [*United States v.*] *Scholl,* [959 F.Supp. 1189 (D.Ariz.1997)] district court's reasoning now, as it is contrary to *Daubert's* [*v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)] standard for admissibility."

The Court directs the Clerk to reissue the mandate forthwith.

**Essic FAIL, Petitioner–Appellant,**

v.

**Suzanne HUBBARD, Warden, Respondent–Appellee.**

No. 99–15548.

United States Court of Appeals, Ninth Circuit.

Submission Deferred Feb. 16, 2001.

Resubmitted for Decision July 10, 2001.

Filed Dec. 3, 2001.

Amended Dec. 16, 2002.

Evid. 412(c)(2). The full names of the parties involved are not revealed in this opinion.