MEMORANDUM *
These are two consolidated appeals from decisions of the district court, affirming in part and reversing in part a decision of the bankruptcy court. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we affirm the district court decisions in their entirety.
OVERVIEW
Nicklos Ciolino, Charles Ciolino, Daniel DeLorenzi, Robert Aguilar, and Stephen Daniele (collectively “Appellees”), filed actions in California state court against John A. Ryan after suffering losses in a fraudulent investment scheme promoted by Ryan. Appellees obtained prejudgment writs of attachment against Ryan’s primary asset, a house and parcel of land in Redwood City, California (the “property”). Shortly after Appellees recorded their writs of attachment, Ryan arranged for his friend, Lawrence Chazen, to record a deed of trust on the property. Following a jury trial, Appellees obtained judgments against Ryan, which they recorded as liens against the property. Ryan and his wife then filed for protection under Chapter 11 of the Bankruptcy Code. The bankruptcy court held that some of Appellees’ judgment liens related back to and merged with their prejudgment attachment liens and therefore took priority over Chazen’s deed of trust. Chazen and E. Lynn Scho-enmann, the trustee for the debtors’ estate, (collectively “Appellants”) appealed to the district court. The district court affirmed the finding that Appellees’ liens were senior to Chazen’s deed, although it reversed the determination of the amount that related back. Chazen v. Ciolino (In re Ryan), 369 B.R. 536 (N.D.Cal.2007).
We review de novo the district court’s decision on an appeal from the bankruptcy court, applying the same standard of review as the district court and giving no deference to the district court’s decision. Barclay v. MacKenzie (In re AFI Holding, Inc.), 525 F.3d 700, 702 (9th Cir.2008). Nonetheless, we agree with the careful *982 reasoning and the conclusion of the district court.
DISCUSSION
A judgment lien relates back to the date of the attachment lien if the judgment is created “on the same property under the same claim.”[1] Cal.Civ.Proc.Code § 697.020(a). Appellees’ attachment liens were based on the breach of oral contract claims. Cal.Civ.Proc.Code § 483.010. Appellees’ state court complaints alleged both tort and contract claims, and the general verdict forms reflect that the jury found in favor of Appellees on both their tort and contract claims. The compensatory damages amounts awarded by the jury correspond to a large degree to Appellees’ breach of contract claims, indicating that the jury relied on the contract claims in determining the damages amounts. We thus agree with the district court that “[i]t is well documented that [Appellees] recovered on both types of claims.” In re Ryan, 369 B.R. at 544. The judgment lien accordingly was created, at least in part, “under the same claim” as the attachment lien. Cal.Civ.Proc.Code § 697.020(a). The fact that one judgment was entered for both types of claims does not mean that the judgment was not created under the contract claim. Appellants have pointed to no caselaw that supports such a finding.
We disagree with Chazen’s contention that the verdict forms indisputably show that the jury awarded damages for tort claims only. Rather, the forms show that the jury’s award was based on both tort and contract claims, but that there was only one logical place on the forms in which to enter the damages amount. The jury verdict forms did not allow the jury to enter different damages amounts for the tort and contract claims. The jury correctly declined to enter a compensatory damages amount in the space that specified that it was to be used if the jury award was “for breach of oral contract only.” The jury clearly had indicated earlier in the verdict forms that it found in favor of Appellees on both contract and tort claims. Thus, the jury entered the damages amount in the only other space on the forms for compensatory damages. As the California Court of Appeal stated in rejecting Ryan’s appeal of the jury verdict, “the jury found [Ryan] liable for negligence, breach of contract, fraud and more, and ... without objection a single measure of damages was submitted to the jury for all causes of action.”
Schoenmann’s reliance on DuBarry International, Inc. v. Southwest Forest Industries, 231 Cal.App.3d 552, 282 Cal.Rptr. 181 (1991), to support her contention that Appellees could not have recovered separate remedies is unavailing. In DuBarry, the plaintiff received a damages award for his breach of contract claim and another award in the same amount for his claim for bad faith denial of the existence of the agreement. The appellate court reasoned that a plaintiff might be entitled to recover separate damages for tort and contract claims because they “do involve, after all, alleged invasions of different rights.” Id. at 188. The only evidence the plaintiff offered, however, related to the breach of contract claim, and those were the only damages he claimed. The court thus held *983 that the award for the bad faith denial of contract was duplicative. Id. at 188-89.
DuBarry stands for the unremarkable proposition that a plaintiff cannot recover damages on a claim if he has presented no evidence of damages for that claim. There is no indication here that the compensatory damages the jui’y awarded were dupli-cative. Unlike in DuBarry, Appellees received only one award of damages; that single award was based on both tort and contract claims.
Appellants rely on Tavaglione v. Billings, 4 Cal.4th 1150, 17 Cal.Rptr.2d 608, 847 P.2d 574 (1993) (en banc), but Tava-glione does not speak to the situation we face. In Tavaglione, the plaintiff sued the defendants on defamation and other causes of action, resulting in a general verdict awarding the plaintiff $2.25 million in compensatory damages. Unlike the instant case, the jury responded to special interrogatories that “clearly disclosed its finding” that only $604,787 out of the $2.25 million total award was based on defendants’ defamation. Id., 17 Cal.Rptr.2d 608, 847 P.2d at 579. Thus, in Tavaglione, the court was able to rely on the jury’s special finding to determine the amount of damages attributable to the defamation claim. Unlike Tavaglione, the jury verdict forms used here did not give any indication of the portions of the general compensatory damages award that were based on Appellees’ various claims.
Chazen relies on the “general verdict rule,” discussed in Tavaglione, which provides that “[wjhere a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly.” Cal.Civ.Proc.Code § 625. Here, however, there are no special findings of facts that are inconsistent with the jury’s general verdict. The jury’s special findings address only the questions of fraud, malice, and oppression, and are not inconsistent with the jury’s general findings that Ryan was liable for both tort and contract claims. Chazen has failed to show that Appellees’ “positions were in any way inconsistent given that they had both types of valid claims.” In re Ryan, 369 B.R. at 544-545.
Schoenmann argues that, because the jury awarded punitive damages, the compensatory damages must have been based on tort, not on contract. Schoenmann cites Roam v. Koop, 41 Cal.App.3d 1035, 116 Cal.Rptr. 539 (1974), which states that “[pjunitive damages may not be recovered in actions founded in contract.” Id. at 543 (citing Cal. Civ.Code § 3294(a)).
It is true that, in order to award punitive damages, the jury was required first to award some compensatory damages based on the tort claims. See California v. Altus Fin. S.A., 540 F.3d 992, 1000-04 (9th Cir.2008) (relying on California law to hold that punitive damages were not allowed where the jury awarded $0 in compensatory damages on tort claims). The award of punitive damages, however, does not negate the fact that the jury here found in its general verdict that Ryan was liable for both tort and contract claims. Appellants have not provided any support for the proposition that the jury’s failure to apportion the compensatory damages between the tort and contract claims means that the award was based on tort alone.[2] That proposition is inconsistent with the jury’s general findings that Ryan *984 was liable not only for the tort claims, but also for the breach of contract claims.
Schoenmann contends that the district court erroneously reallocated the jury’s damage award. The district court did not, however, reallocate the damage award. The jury did not allocate the damage award in the first place. What the district court did was to make a sensible finding regarding the amount of the damage award that was based on the contract claims and thus related back to the prejudgment writs.[3]
CONCLUSION
Appellees’ state court complaints clearly reflect that they raised “independent tort and contract claims” against Ryan. Chazen, 869 B.R. at 546. The jury verdict forms show that the jury found in favor of Appellees on both tort and contract claims and awarded damages based on both. Because the judgment was created “on the same property” and, at least in part, “under the same claim,” Appellees’ post-judgment liens relate back to their prejudgment writs of attachment. Cal.Civ. Proc.Code § 697.020(a).
The orders of the district court are
AFFIRMED.

This disposition is not appropriate for publication and is not precedent except as provided by 9lh Cir. R. 36-3.

. Because the parties are familiar with the complicated factual and procedural background, we do not recite it here, except as necessary to aid in understanding this disposition.

. Schoenmann's reliance on Loduca v. Polyzos, 153 Cal.App.4th 334, 62 Cal.Rptr.3d 780 (2007), is unavailing. First, Schoenmann relies on the unpublished portion of the deci *984 sion, which is an unpublished opinion that "must not be cited or relied on by a court or a party in any other action.” Cal.Rules of Court, Rule 8.1115(a). It therefore lacks precedential value. Second, the unpublished portion indicates that the plaintiff in Loduca conceded that his tort and contract damages were the same; the court accordingly held that he could not obtain double recovery for the one damage amount. Loduca does not help Appellants.

. We decline to reach Appellees' challenge to the district court's determination of the amount of the award that related back to the writs of attachment. The "general rule" is that we "will not hear a challenge to a district court decision if a notice of cross-appeal is not filed.” S.M. v. J.K., 262 F.3d 914, 923 (9th Cir.2001), amended by 315 F.3d 1058 (9th Cir.2003). The issues are not sufficiently interrelated, "the nature of the district court opinion should have put [Appellees] on notice of the need to file a cross-appeal,” and Appellants arguably were prejudiced by the failure to receive notice of the need to address the issue in their opening briefs. See Lee v. Burlington N. Santa Fe Ry., 245 F.3d 1102, 1107 (9th Cir.2001) (describing the factors to consider in determining whether to allow a cross-appeal that has not been properly noticed).